

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Mag. Case No. **08 MJ 8231** |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR VIOLATION OF: |
| | ) | |
| v. | ) | Title 8, U.S.C., Section 1324 (a)(1)(A)(ii) |
| | ) | Illegal Transportation of Aliens |
| Mario Armando REYES-Lopez, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

The undersigned complainant, being duly sworn, states:

On or about March 14, 2008, within the Southern District of California, defendant Mario Armando REYES-Lopez, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Juan MUNOZ-Mendoza, Jorge MORA-Gutierrez, Gabriel RIVERA-Rivera, and Pedro NEGRETE-Cardenas, had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
Senior Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 17th DAY OF MARCH 2008.

_____
PETER C. LEWIS
United States Magistrate Judge

Fax sent by : 7603528861          PROSECUTIONS                    03-15-08 ...

I, Senior Border Patrol Agent Richard Ramirez declare under penalty of Perjury, the following is true and correct:

# PROBABLE CAUSE STATEMENT

The complaint states that this complaint is based upon statements in the investigative reports by the apprehending agent, Border Patrol Agent J. Pestano that on March 14, 2008, the defendant, Mario Armando REYES-Lopez, a citizen of Mexico was apprehended .5 miles west of Imler Rd. and Forrester Rd. south of Westmoreland, California approximately twenty two miles west of Calexico, California, as he attempted to smuggle nineteen illegal aliens in a pickup truck.

At approximately 7:55 A.M., Supervisory Border Patrol Agent Castro was driving south on old Highway 111 towards Evan Hewes as he passed a green Chevrolet Truck driving north on the same Highway. As SBPA Castro passed the truck, he looked at the driver later identified as Mario Armando REYES-Lopez, and saw that he was a male Hispanic wearing a black hooded sweatshirt. SBPA Castro also saw multiple subjects in the rear of the cabin and a tarp covering the bed of the truck. SBPA Castro continued to follow the truck as other agents responded to Castro's location to assist in the further investigation of the truck. As REYES stopped at the intersection of Keystone and Dogwood Rd. Agent Hernandez was at the intersection facing the opposite direction of REYES and saw him wearing a black hooded sweatshirt.

Due to SBPA Castro's experience in apprehending alien smugglers, REYES was taking a route that is frequently used by smugglers to circumvent the surrounding cities and reduce the chances of being detected by Law Enforcement. SBPA Castro continued to follow REYES north on Forrester Rd. from Aten Rd. and advised Agents in the surrounding area that he was possibly following a truck loaded with illegal aliens. Agent J. Pestano radioed SBPA Castro and advised him that he was in the city of Westmoreland and would be waiting for REYES to reach his location. Agents G. Hernandez and Webster also responded to SBPA Castro's location and continued to observe REYES as he traveled north on Keystone Rd. towards Westmoreland. Agent Hernandez advised other Agents that REYES was turning west on Andre Rd. approximately 1 mile south of Westmoreland. Agent J. Pestano responded to REYES' location and observed him traveling west on Andre Rd. Agent Pestano turned west onto Andre Rd. from Forrester and positioned himself directly behind REYES. Agent Cerda responded and radioed Agent J. Pestano that he was positioned on Andre Rd. west of their location with a Controlled Tire Deflation Device.

Agent J. Pestano radioed KAK 840 and provided them with the direction of travel and a description of the truck he was following (Green Chevrolet Silverado with a lift kit bearing California plate 8H661836). REYES continued west and came to a stop at the intersection of Andre and Hoskins Rd. Agent J. Pestano was directly behind REYES and observed a white tennis shoe protruding from underneath the black tarp that was covering the bed of the truck. After seeing the tennis shoe, Agent J. Pestano immediately suspected REYES was smuggling illegal aliens based on the make of the vehicle, the route it was taking, the tarp covering the bed, and the tennis shoe he saw protruding from underneath the tarp.

REYES continued west and Agent J. Pestano activated the overhead lights and siren in his fully marked Border Patrol vehicle. REYES failed to yield and instead accelerated and drove evasively. Agent J. Pestano advised KAK 840 that REYES had

Fax sent by : 7603528861        PROSECUTIONS

failed to yield and was engaged in a vehicle pursuit. Agent J. Pestano followed REYES as he turned south onto a dirt field Rd. REYES continued to accelerate on the field Rd. thus causing a large dust cloud behind him. REYES came to a stop due to a tractor blocking the road.

As REYES exited the driver's door, Agent J. Pestano observed him running around the back of the truck taking off his black hooded sweatshirt. Agent J. Pestano advised Agent's via-radio that REYES had exited the vehicle and was now wearing a blue shirt with black pants. Agent J. Pestano was able to get a good look at REYES' face as he ran toward him around the back of the truck to the other side. Agent J. Pestano maintained visual of REYES as he entered the truck through the passenger side door and exited through the driver's side back door (in the attempt to blend in with the others as they were exiting the vehicle running in different directions).

Agent J. Pestano apprehended REYES as he was exiting the vehicle. Other agents responded to the area and apprehended all the subjects that exited the vehicle. Agent J. Pestano identified himself as a United States Border Patrol Agent and interviewed all nineteen subjects as to their citizenship. All subjects freely admitted they are citizens of Mexico nor did they have any immigration documents allowing them to be in or remain in the United States legally. Agent J. Pestano also identified himself as a United States Border Patrol Agent to REYES and interviewed him as to his citizenship. REYES stated he is a citizen of Mexico and he did not have any immigration documents allowing him to be in or remain in the United States legally. REYES was taken into custody and taken to the station for processing.

At 11:54 a.m. Agent Cerda witnessed Agent Lewenthal read REYES his rights as per Miranda in the Spanish language. REYES stated he understood his rights and was willing to answer questions without an attorney present. REYES stated he illegally entered the United States by walking across the International border through the mountains west of Calexico, California. REYES stated a foot guide named El Chino guided him to an area where he was picked up and taken to a load house in Brawley, California, where he stayed for seven days. REYES stated he was picked up on Friday, March 14, 2008 by a juvenile named Luis in the truck he was driving. REYES stated there were illegal aliens in the truck when he was picked up. REYES stated he knew Luis was an alien smuggler from prior contacts approximately one year ago.

REYES stated they drove to a field and picked up more illegal aliens that were dropped off by a green van. REYES stated Luis was driving and stopped near a ranch and got off. REYES stated he was paid $1,000.00 for driving the truck. REYES stated he knew the subjects in the truck were illegal aliens and it was illegal to drive them. REYES stated he was told if he was apprehended, he would most likely be sent back to Mexico. REYES intended to pay $1,500.00 to be smuggled to San Bernardino, California.

Fax sent by : 7603528861        PROSECUTIONS           03-15-08 13:30      Pg 5

Juan MUNOZ-Mendoza was interviewed by Agents Lewenthal and Cerda. MUNOZ stated he entered the United States illegally by jumping the fence with seven others. MUNOZ stated he made arrangements to be smuggled to Thermal, California, for the sum of $1,700.00. MUNOZ stated he was taken to an area with trees, picked up and taken to a field. MUMOZ stated when he was picked up by the green truck he got into the back and the tarp was pulled over them. MUNOZ stated he heard the sirens, the truck stopped and the driver yelled for them to run.

Jorge MORA-Gutierrez was interviewed by Agents Lewenthal and Cerda. MORA stated he entered the United States illegally with three others and a foot guide by crossing through the mountains west of Calexico, California. MUNOZ stated he made arrangements in Tijuana, Mexico to be smuggled to Los Angeles, California for $2,000.00. MORA stated he walked to Interstate 8, was picked up and taken to an unknown location. MORA stated he was later picked up by the green truck. MORA stated there were no seatbelts for them. MORA stated he was afraid and nervous from the way the driver was driving.

Gabriel RIVERA-Rivera was interviewed by Agents Lewenthal and Cerda. RIVERA stated he illegally entered the United States by walking through the mountains along with a foot guide. RIVERA stated he made arrangements the day prior to him entering with an unknown smuggler in Mexicali, Mexico. RIVERA stated he was to pay $2,000.00 to be smuggled to Los Angeles, California. RIVERA was picked up, taken to a house and immediately loaded into the back of the green truck. RIVERA stated they were covered with a black tarp and instructed not to talk or move. RIVERA stated he heard the sirens and was scared the driver was going to crash, due to how fast he was driving.

Pedro NEGRETE-Cardenas was interviewed by Agents Lewenthal and Cerda. NEGRETE stated he illegally entered the United States the day prior to his apprehension by rafting across a canal and then loading into car. NEGRETE stated he was taken a house and stayed in the garage. NEGRETE stated he was woken up and told to get into the truck. NEGRETE stated there were no seatbelts in the bed of the truck. NEGRETE stated the driver accelerated when he heard the sirens. NEGRETE stated when the truck stopped he ran.

MUNOZ, MORA, NEGRETE and RIVERA were presented with a six pack photo line up. MUNOZ, MORA, NEGRETE or RIVERA were unable to identify the driver.



The complaint state that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Juan MUNOZ-Mendoza | Mexico |
| Jorge MORA-Gutierrez | Mexico |
| Gabriel RIVERA Rivera | Mexico |
| Pedro NEGRETE-Cardenas | Mexico |

Further, complaint states that, Juan MUNOZ-Mendoza, Jorge MORA-Gutierrez, Gabriel RIVERA Rivera, and Pedro NEGRETE-Cardenas, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to their criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

Executed on March 15, 2008 at 0930.

Senior Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 3 pages, I find Probable cause to believe that the defendant named in this probable cause statement committed the offense on March 14, 2008 in violation of Title 8, United States Code 1324.

Louisa S. Porter
United States Magistrate Judge

3/15/08   2:30 pm
Date/Time